**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL ACTION NO. 23-519** |
| | : | |
| **RASHAWN GINDRAW** | : | |

## ORDER

This 7th day of May, 2024, for the reasons that follow, it is hereby **ORDERED** that Defendant's Motion to Dismiss the Indictment, ECF 17, is **DENIED.**

On the record in this case, Mr. Gindraw cannot fit within the narrow exception recognized by *Range v. Attorney General,* 69 F.4th 96 (3d Cir. 2023), and given his past convictions, I am satisfied that he falls within the class of persons whose right to possess a firearm can be limited under the Second Amendment. *See United States v. Harris,* Crim. A. No. 22-441, 2023 WL 7927758, (E.D. Pa. Nov. 16, 2023); *United States v. Spady*, No. 23-36, 2023 WL 7706263 (E.D. Pa. Nov. 14, 2023). Because it cannot be disputed that the statute properly applies to Mr. Gindraw, his vagueness argument lacks merit, *Holder v. Humanitarian Law Project,* 561 U.S. 1, 18-19 (2010), and his argument under the Commerce Clause is barred by *United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001).

/s/ Gerald Austin McHugh
United States District Judge